**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**LARKENS ISNADER,**
**Petitioner,**

**v.** **Civil No. 3:26CV1392 (RCY)**

**TODD BLANCHE, et al.,**
**Respondents.**

**MEMORANDUM OPINION**

Larkens Isnader ("Petitioner"), acting through counsel, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition" or "Petition," ECF No. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"). For the reasons set forth below, the Court finds that Petitioner's detention without a bond hearing violates the Immigration and Nationality Act (INA) and Petitioner's due process rights, and so the Court will order Respondents to provide Petitioner with a standard § 1226(a) bond hearing before an Immigration Judge.

## I. BACKGROUND

The details contained in the Petition are sparse, so the Court crafts the following from the Petition, Respondents' Notice, ECF No. 4, and Petitioner's Reply to the Response, ECF No. 5.

Petitioner, a native and citizen of Haiti, entered this country by way of the southern border in March of 2024. Pet. ¶¶ 2, 9. He was detained upon arrival at the Hidalgo Port of Entry and thereafter released on parole by Customs and Border Protection ("CBP"); he was issued a Notice to Appear at that time. *Id.* ¶ 2; Resp'ts' Not. Ex. A, ECF No. 4-1. Petitioner's parole expired on March 8, 2026. Pet'r's Reply 2. On October 20, 2026, Petitioner was encountered and ultimately arrested and detained by ICE officials in Maryland. Pet. ¶ 10. Petitioner is being held at ICE's

Farmville Detention Center and has been classified as subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). *Id.* ¶¶ 3, 33.

On October 23, 2026, Petitioner filed the instant § 2241 Petition. The Court directed Respondents to file a responsive pleading addressing, *inter alia*, whether the factual and legal issues presented in this Petition differ in any material fashion from those presented in *Lopez Garcia v. Guadian*, 190 F.4th 305 (4th Cir. Sep. 10, 2026), which adjudicated whether noncitizens who entered the country without inspection or admission and who are subsequently arrested in the interior of this Country are entitled to a discretionary bond hearing pursuant to 8 U.S.C. § 1226(a). On October 28, 2026, Respondents timely submitted a Notice, ECF No. 4, wherein they distinguish the facts of this case from those in *Lopez Garcia*, insofar as Petitioner did not enter without inspection or admission but instead was paroled into the country; Respondents note, however, that the issues presented in this case are nevertheless materially indistinguishable from others that this Court has adjudicated specifically with respect to parolees' right to a bond hearing under § 1226(a). Not. 1–2. Respondents therefore request and consent to the incorporation of the briefs from such prior cases, to include *Mejias Martinez v. Lyons*, Civil Case No. 3:25CV1021 (RCY), 2026 WL 1257330 (E.D. Va. May 7, 2026), ECF No. 17). *Id.* at 2.

## II. STANDARD OF REVIEW

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." *Id.* "A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations and brackets omitted). After receiving

the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## III. ANALYSIS

The central question posed in the § 2241 Petition concerns whether Petitioner, as an individual who was paroled into the country and thereafter arrested in the interior of the county, is entitled to a discretionary bond hearing under 8 U.S.C. § 1226(a) or whether he is subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A).

Petitioner contends, *inter alia*, that 8 U.S.C. § 1226(a) entitles him to a bond hearing. In opposition, Respondents incorporate the arguments asserted in *Mejias Martinez v. Lyons*, Civil Case No. 3:25CV1021 (RCY). Not., ECF No. 7. Accordingly, the Court understands Respondents' position to be that Petitioner's detention is lawful under 8 U.S.C. § 1225's mandatory detention provisions because, as a parolee, Petitioner remains suspended as an "applicant for admission" still "deemed 'as if stopped at the border.'" *See* Resp. Opp'n, *Mejias Martinez*, Civil Case No. 3:25CV1021 (RCY), ECF No. 9 at 5–9 (quoting *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020)).

This Court maintains and incorporates the reasoning of *Mejias Martinez v. Lyons*, Civil Case No. 3:25CV1021 (RCY), 2026 WL 1257330 (E.D. Va. May 7, 2026), ECF No. 17), into this Memorandum Opinion.

Once again, the Court faces a case where the petitioner "was not detained in connection with the expiration and termination of his parole." *Mejias Martinez*, 2026 WL 1257330, at *5 (cleaned up). Rather, Petitioner was "'discovered' unlawfully residing in the United States . . . after his temporary permission to be present expired." *Id.* at *4 (quoting *Gomez Villalobos v. Crawford*, No. 2:260CV12-MSD, 2026 WL 1165576, at *4 (E.D. Va. Apr. 29, 2026)). And so the

Court once again holds that such a case cannot "be reasonably construed as a valid continuation of the 'legal fiction' that Petitioner was stopped at the border." *Id.* (quoting *Gomez Villalobos*, 2026 WL 1165576, at *4). Specifically, while it is undisputed that Supreme Court case law dictates that individuals paroled into the country "'are [fictively] treated for due process purposes as if stopped at the border' when the government later considers their '*rights regarding admission*,'" *Id.* (emphasis added) (quoting *Gomez Villalobos*, 2026 WL 1165576, at *3, in turn quoting *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020)), the Court is not, at present, considering Petitioner's rights regarding admission. Rather, it is considering Petitioner's basic due process rights. And, as concluded in *Mejias Martinez*, "[p]recedent . . . supports the finding that Petitioner's [established,] unapproved presence affords him some basic procedural due process rights, which here take the form of a full and fair hearing under § 1226(a) to determine the propriety of his continued detention." *Id.* at *5 (quoting *Gomez Villalobos*, 2026 WL 1165576, at *5).

## V. CONCLUSION

For the reasons set forth above, Petitioner's § 2241 Petition, ECF No. 1, will be GRANTED. The Court will order Respondent to provide Petitioner with a standard[1] § 1226(a) bond hearing before an Immigration Judge.

An appropriate Order will issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: October 29, 2026
Richmond, Virginia

[1] The Court finds no legal support for shifting the operative burdens at this bond hearing, notwithstanding Petitioner's request for the same. *See* Pet. at 13 (one of Petitioner's alternative requests for relief). The Fourth Circuit has made clear that "it is the Petitioner, not the Government, who bears the burden under the processes established by the Attorney General to demonstrate he is not a danger to the community nor a flight risk." *Lopez Garcia v. Guadian*, 190 F.4th 305, 314 n.3 (4th Cir. 2026) (citing *Miranda v. Garland*, 34 F.4th 338, 356 (4th Cir. 2022)).